IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-02573-RPM

MODOC LASSEN INDIAN HOUSING AUTHORITY, the tribally designated housing entity for the Grindstone Indian Rancheria of Wintun-Wailaki Indians of California,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
SHAUN DONOVAN, Secretary of Housing and Urban Development;
DEBORAH A. HERNANDEZ, General Deputy Assistant Secretary for Public and Indian Housing; and
GLENDA GREEN, Director, Office of Grants Management, Office of Native American Programs,

Defendants.

---

## FINDINGS, CONCLUSIONS AND ORDER FOR JUDGMENT

---

On November 25, 2008, Plaintiff Modoc Lassen Indian Housing Authority ("Modoc Lassen" or "the Tribe") filed this action for judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., claiming that the Defendants (collectively "HUD") violated the Native American Housing Assistance and Self-Determination Act of 1996 ("NAHASDA"), 25 U.S.C. § 4101 et seq., by reducing the number housing units counted as Formula Current Assisted Stock ("FCAS") for the FCAS component of the Tribe's share of the annual Indian Housing Block Grant ("IHBG") and recapturing IHBG funds which the Tribe had received in

past years for those units. Modoc Lassen's complaint requested, among other relief, the return of the recaptured funds and an injunction against future recaptures.

Jurisdiction is provided by the APA and by 28 U.S.C. § 1331 and 28 U.S.C. § 1346. The Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201, and jurisdiction to grant injunctive relief pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2202.

The Administrative Record ("AR") was filed on June 30, 2010 [#14].

This action is governed by the version of NAHASDA that existed before it was amended by the Native American Housing Assistance and Self-Determination Reauthorization Act of 2008, Pub. L. No. 110-411, 122 Stat. 4319 (2008). Legal issues common to this action and related actions were determined in two previous memorandum opinions and orders in *Fort Peck Housing Authority v. HUD et al.*, Civil Action No. 05-cv-00018-RPM, dated August 31, 2012, and March 7, 2014.[1]

The order dated March 7, 2014 required the plaintiffs to submit a proposed form of judgment, specifying the amounts to be paid to each tribe or tribal housing entity and the asserted sources of payment. On March 26, 2014, HUD moved for the establishment of scheduling orders, requesting additional briefing before the entry of judgment.

On April 15, 2014, Modoc Lassen submitted its proposed judgment and a response to HUD's motion which identified the challenged agency actions and the legal support for the

---

[1] The coordinated cases are *Fort Peck Housing Authority HUD et al.*, No. 05-cv-0018-RPM; *Blackfeet Housing et al. v. HUD et al.*, No. 07-cv-1343-RPM; *Tlingit-Haida Regional Housing Authority v. HUD et al.*, No. 08-cv-0451-RPM; *Navajo Housing Authority v. HUD et al.*, No. 08-cv-0826-RPM; *Modoc Lassen Indian Housing Authority v. HUD et al.*, No. 08-cv-2573-RPM; *Choctaw Nation of Okla. v. HUD et al.*, No. 08-cv-2577-RPM; *Sicangu Wicoti Awanyakapi Corp. et al. v. HUD et al.*, No. 08-cv-2584-RPM.

requested relief.  HUD replied, preserving its objections to this Court's prior rulings and addressing the specific relief requested by Modoc Lassen in Section III of it reply.  HUD's motion for a scheduling order is now moot.

On June 9, 2014, Modoc Lassen moved to strike section III of HUD's reply, asserting that HUD's reply includes arguments that are untimely and mischaracterize the Administrative Record.  The findings and conclusions in this order render that motion moot.

Modoc Lassen's action concerns HUD's determinations about the FCAS eligibility of thirteen mutual help units.  Modoc Lassen challenges agency determinations stated in two letters from HUD to Modoc Lassen:

•letter dated January 10, 2003, notifying Modoc Lassen of grant overfunding for fourteen units for fiscal years 1999-2002,[2] and

•letter dated March 17, 2003, revising HUD's previous determination about the number of overpaid units and demanding repayment of $146,764 for grant overfunding for thirteen mutual help units for fiscal years 1999-2002.[3]

The Administrative Record reflects that the 25-year lease/purchase period for the subject units expired in 1993.  The units were not conveyed to the tenants/homebuyers at that time due to title impediments that required action by the Bureau of Indian Affairs ("BIA").  Modoc Lassen communicated with the BIA about those matters and on April 21, 1998, the BIA approved the conveyances and provided the Tribe with documents of conveyance.[4]

---

[2]AR Vol. 2, Tab 29 at MLIHA000661-63.

[3]AR Vol. 2, Tab 31 at MLIHA000668-70.

[4]AR Vol. 2, Tab 28 at MLIHA000658.

After receiving those documents from the BIA, Modoc Lassen did not complete the conveyances because the tenants/homebuyers still owed rent and/or insurance premiums, and with respect to one unit, the tenant/homebuyer had died and there were unresolved issues regarding an assignment of the lease.[5] The units remained on the Tribe's FCAS inventory on its Formula Response form.

For the period between 1993 and 1998, HUD agreed that the units were still eligible for funding under the FCAS component of the IHBG allocation formula. HUD challenged the FCAS-eligibility of the units for fiscal years 1999 through 2002.[6]

Modoc Lassen reported to HUD that conveyances had not been completed because – under the terms of the Mutual Help Occupancy Agreements – the tenants/homebuyers were not entitled to exercise the purchase option until they had fully complied with their payment obligations. HUD rejected the Tribe's reasons for its continued ownership of the units. In the letter dated January 1, 2003, HUD stated "in accordance with [24 C.F.R.] § 1000.318(a)(2) and NAHASDA Guidance 98-19, ... nonpayment is not a sufficient reason for non conveyance.[7] HUD continued to demand that the Tribe repay the $146,764 for grant overfunding for the thirteen units.

In 2003, Modoc Lassen agreed to repay the $146,764 by using funds from two development projects.[8] By letter dated February 12, 2004, HUD notified Modoc Lassen that

---

[5]AR Vol. 2, Tab 28 at MLIHA000639 and MLIHA000660.

[6]AR Vol. 2, Tab 29 at MLIHA000661-63.

[7]AR Vol. 2, Tab 29 at MLIHA000662.

[8]AR Vol. 2, Tab 32 at MLIHA000671; AR Vol. 2,Tab 35 at MLIHA000675.

the recapture had been completed and provided the Tribe with a revised 1999 Indian Housing Plan.[9] HUD did not provide an administrative hearing to Modoc Lassen before it recaptured the funds.

Modoc Lassen requests that HUD be required to restore to it the amount of $146,764 for IHBG funds that were illegally recaptured.

In reply, HUD generally preserves its arguments that HUD had authority independent of NAHASDA to recover grant overpayments that resulted from erroneous formula unit data; that the Court lacks jurisdiction under 5 U.S.C. § 702 to order the monetary relief sought; that any procedural error was harmless, and the only appropriate remedy would be to remand to HUD for a hearing and decision in the first instance. Those arguments were rejected in the Orders dated August 31, 2012 and March 7, 2014.

HUD also argues that Modoc Lassen cannot establish that it was prejudiced by the lack of a hearing. In support of that argument, HUD asserts that the Administrative Record shows that Modoc Lassen told HUD that conveyances of all but one of the overpaid units had already been approved and recorded by BIA at the relevant time. That is, HUD suggests that the record shows that the Tribe no longer owned those units after April, 1998, when the BIA accomplished its title work. To the contrary, the record indicates that during the relevant time period (1999 through 2002), Modoc Lassen had not completed the conveyances to the homebuyers because the homebuyers had not fully complied with their payment obligations.

The Court finds and concludes that HUD misapplied 24 C.F.R. § 1000.318, when it rejected Modoc Lassen's justification for the conveyance delays and disqualified those units

---

[9]AR Vol. 2, Tab. 37-1 at MLIHA000684-85.

from FCAS funding for fiscal years 1999 through 2002.  The Court has already ruled that HUD's directive in Guidance 98-19 was an arbitrary and capricious exercise of HUD's regulatory authority and contrary to law, and HUD's recapture of IHBG grant funds without first providing the administrative hearing required by NAHASDA was arbitrary, illegal and in contravention of the pre-amendment versions of 25 U.S.C. §§ 4161 and 4165.

HUD does not deny that the facts of the challenged agency action fit within the law set forth in this Court's orders.

In sum, Modoc Lassen has established its right to an affirmative injunction requiring HUD to restore to it the recaptured funds and precluding HUD from threatening or implementing any recapture of IHBG grant funds for fiscal years through and including 2008.  Based on the foregoing, it is

ORDERED that judgment shall enter requiring the Defendants to restore to Plaintiff Modoc Lassen Indian Housing Authority the amount of $146,764 for Indian Housing Block Grant funds that were illegally recaptured from the Plaintiff for FY 1999 through and including FY 2002.  Any such restoration shall be in addition to the full IHBG allocation that would otherwise be due to the Plaintiff under the Native American Housing Assistance and Self-Determination Act in a given fiscal year; it is

FURTHER ORDERED that Defendants shall make restoration of the IHBG funds from all available sources, including, but not limited to, IHBG funds carried forward from previous grant years and IHBG funds appropriated in future grant years; it is

FURTHER ORDERED that the restoration of funds to the Plaintiff shall be completed as soon as administratively feasible, but in no event later than eighteen (18) months from the date of Judgment; it is

FURTHER ORDERED that with respect to grant funding for fiscal years through and including 2008, the Defendants shall refrain from threatening or implementing any recapture of IHBG funds from the Plaintiff and shall not act upon any threatened recapture without first complying with the requirements of Section 401(a) of the NAHASDA [25 U.S.C. § 4161(a)] as that subsection existed prior to the effective date of Public Law 110-411, and it is

FURTHER ORDERED that the Clerk shall enter judgment providing relief to the Plaintiff as set forth above and awarding the Plaintiff its costs upon the filing of a Bill of Costs pursuant to D.C.COLO.LCivR 54.1.

Date:  June 10, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge